IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE M. QUINONES, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| KENNETH CAMERON, | : | NO. 13-1045 |
| et at., | : | |
| Respondents. | : | |

REPORT AND RECOMMENDATION

**LINDA K. CARACAPPA**
**UNITED STATES MAGISTRATE JUDGE**

Now pending before this court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. §2254, by a petitioner currently incarcerated at State Correctional Institution in Cresson, Pennsylvania. For the reasons which follow, it is recommended that the petition be DENIED and DISMISSED.

I.   PROCEDURAL HISTORY

On May 10, 2010, following a jury trial presided over by the Honorable Ellen Ceisler, petitioner was found guilty of rape, sexual assault, robbery, burglary and possession of an instrument of crime. Petitioner was also classified as a sexually violent predator pursuant to Megan's Law, 42 Pa.C.S. § 9791 *et seq.* On October 28, 2010, petitioner was sentenced to an aggregate term of thirty-two and a half (32 ½) to sixty-five (65) years imprisonment.

Petitioner filed a direct appeal to the Pennsylvania Superior Court raising a single claim. Petitioner claimed the trial court failed to suppress his statement to the police which was obtained in violation of his Miranda rights. Miranda v. Arizona, 384 U.S. 436 (1966). On February 29, 2012, the Superior Court affirmed petitioner's judgment of sentence. On December 27, 2012, the Pennsylvania Supreme Court denied petitioner's petition for allowance of appeal.

1

Petitioner then filed the instant petition for Writ of Habeas Corpus on February 27, 2013, claiming:

(1) Miranda warning violation and a violation of his Fifth Amendment rights pertaining to the statement given to the police;

(2) Violation of Due Process and speedy trial under the Fifth and Fourteenth Amendments; and

(3) Ineffective assistance of counsel

Respondent asserts that two of petitioner's claims are unexhausted. Respondent asserts that petitioner's unexhausted claims make the instant petition a mixed petition asserting claims both unexhausted and exhausted by state court review. Respondent contends that petitioner may file a timely PCRA petition and exhaust the current claims thus, petitioner is not entitled to federal habeas relief and the petition must be dismissed. We agree, and as such, dismiss the habeas petition in its entirety.

II. EXHAUSTION

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c) (1994); Castille v. Peoples, 489 U.S. 346, 350, 109 S. Ct. 1056, 1059, reh'g denied, 490 U.S. 1076, 109 S. Ct. 2091 (1989). In other words, a petitioner must invoke "one complete round of the state's established appellate review process," in order to exhaust his remedies. O'Sullivan, 526 U.S. at 845. A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, which demand, in turn, that the claims brought in federal court be the "substantial equivalent" of those presented to the state courts. Santana v. Fenton, 685 F.2d 71, 73-74 (3rd Cir. 1982), cert. denied, 459 U.S. 1115, 103 S. Ct. 750 (1983). When a petitioner includes unexhausted claims with claims that are

exhausted, however, the entire petition must be dismissed as a "mixed petition" unless the unexhausted claims are withdrawn. Rose v. Lundy, 455 U.S. 509, 521-22 (1982).

As noted above, respondents contend that two of petitioner's claims were never properly exhausted in state court.

Our review demonstrates that petitioner has failed to exhaust all of his claims and still has time to do so in state court.

Petitioner's instant Writ of Habeas Corpus contains both exhausted and unexhausted claims. Petitioner's first claim of Miranda warning and Fifth Amendment violation was appropriately exhausted in state court, however, petitioner's remaining two claims were never presented in state court. When a petitioner files a mixed habeas petition, the district court must dismiss it and allow the petitioner the "choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims." Rose, 455 U.S. at 510 (1982). A total exhaustion rule benefits both the court and habeas petitioner. Strict enforcement of this rule will encourage habeas petitioner's to exhaust their claims in state court and present them to federal court in a single petition. Id., at 520. This, in turn, allows the court to "review all of the prisoner's claims in a single proceeding, thus providing for a more focused and thorough review." Id.

Federal courts also have the option to adopt the "stay-and-abeyance" procedure, which allows the court to "hold in abeyance" while the habeas petitioner successfully exhausts all his claims. Rhines v. Weber, 125 S.Ct. 1528, 1534 (2005). This third option was created due to the frequency in which the district court would dismiss a mixed petition after the statute of limitations had run, leaving the petitioner no opportunity to return to state court. Urcinoli v. Cathel, 546 F.3d 269, 274 (3d Cir. 2008). Stay and abeyance is only available in "limited circumstances." Rhines, 125 S.Ct. at 1535. The district court must first determine petitioner had

3

"good cause" for failing to exhaust the claim in state court, and must further determine that the claim is not "plainly meritless." Id.

The petitioner in the instant Writ of Habeas Corpus Petition is not eligible for a stay and abeyance because no special circumstances exist to justify a stay. Dismissal of this petition would not affect petitioner's ability to re-file, after exhausting petitioner's state court remedies. Petitioner has time remaining to file a petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), within the state court's one-year statute of limitations which begins to run on the date a conviction becomes final on direct review. 42 Pa.C.S. §§ 9541-9546. On December 27, 2012, the Pennsylvania Supreme Court denied petitioner's petition for allowance of appeal. Petitioner's conviction became final ninety (90) days later, when the time for filing a timely request certiorari from the United States Supreme Court had run. Accordingly direct review ceased on March 27, 2013. Thus, petitioner has until March 27, 2014 to file a timely PCRA petition. Accordingly, petitioner has approximately eight months remaining in which to file a timely PCRA petition and exhaust the instant unexhausted claims. If petitioner choose to remove the two unexhausted claims from his habeas petition and re-file the habeas petition, he may not be able to present these claims to federal court again pursuant to 28 U.S.C. §2244(b).

Failure to grant a stay of this habeas petition will not jeopardize petitioner's opportunity to exhaust state court remedies and file timely habeas petition. A timely filed PCRA petition will toll petitioner's one year statute of limitations to file a federal habeas petition the entire time the PCRA proceedings remain pending. The habeas period of limitations also began to run for petitioner on March 27, 2013, the date petitioner's conviction became final. The clock is presently running since a timely filed habeas does not toll the habeas statute of limitations. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Petitioner's AEDPA one year will expire on

March 27, 2014, unless petitioner files a timely PCRA petition which will toll the statute of limitations. If petitioner files a timely PCRA petition , such filing with toll the AEDPA one year statute of limitations. At the close of the state court PCRA proceedings petitioner must then file a habeas petition in the time petitioner would then have remaining on the statute of limitation period in order for the habeas petition for be considered.

Therefore, I make the following:

RECOMMENDATION

AND NOW, this 17th day of July, 2013, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be DISMISSED. It is also RECOMMENDED that a certificate of appealability not be granted.

The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:


/S LINDA K. CARACAPPA
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE